UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENYA M. TILFORD,

                Plaintiff,

           -against-

DEPUTY COMMISSIONER N. JOHNSON, et al.,

                Defendants.

26-CV-1950 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff, who currently is detained at Westchester County Jail, brings this action *pro se*. The complaint can be liberally construed as asserting claims, under 42 U.S.C. § 1983, for alleged violations of her constitutional rights. By order dated April 10, 2026, the court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.[1]

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475, has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct.

## BACKGROUND

The following facts are drawn from the complaint.[2] Plaintiff Kenya M. Tilford is a detainee at Westchester County Jail. She alleges that she was placed in protective custody after negative interactions with other detainees. She states:

> I was a Target as soon as I entered Westchester county Jail the CO'S was talking about my charges to inmates and amongst themselves On 10/29/23 a few girls put false preas on me to get me off of E-block & 6-block told the same story called me a murder and other names DC Johnson put me on Admistrative PC for 4 1/2 monts Finally one of the girls wrote a letter stating it was all made up by one girl who always do it and No proof was found.

(ECF 1 at 4.)

Plaintiff further alleges that she was unnecessarily designated a maximum security detainee ("Triple A") and subjected to restraints:

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

> [On] 2/16/24 I moved to G-Block Where Officer rives was told to sneak and take my ID and change it I was put on Tripl[e] A for something I didn't do by warden Keith camera stated I pulled on the ceiling and broke glass out of a bolted down light I have to bad knees I can't climb I was not written up I even offered my fingerprints Now I'm chained down like an animal everywhere I go.

(*Id.*)

Plaintiff was subjected to "ESP," which appears to refer to the Extended Segregation Policy:

> [On] 5/10/24 put on Esp for 20 Day for officer vialva who was harrassing me for 7 months I complained. to physc, to seargents, captin, wardans, wrote grivences.

(*Id.*)

In May 2024, Plaintiff was unable to attend a relative's funeral:

> I was severly depressed I wasn't able to attend my cousin who was like an Aunt to me her funeral by Warden Keith Camera, May 25 I was put on strict pc by DC N. Johnson.

(*Id.*)

Plaintiff alleges that in October 2024, she was confined for an unspecified period:

> [On] Oct 8 2024 another false prea confined me again Inmate even wrote a statement she took it back Kamilia Kenlock, 10/15/25.

(*Id.*)

Finally, Plaintiff makes allegations about the lack of religious services and activities:

> [A]nother intimate after I left she went crying false reports DC N Johnson and I came up with a deal that she reneged on and I am still confined on A- Block with No Activitys and No Alternate Church serves.

(*Id.*)

Plaintiff asserts claims for violations of her federal constitutional rights, under 42 U.S.C. § 1983, seeking damages. She brings this action against Deputy Commissioner N. Johnson, Warden Keith Camera, Warden Smith, and Sergeant Reyes, all of whom are employed at Westchester County Jail.

**DISCUSSION**

**A.    Claims against Warden Smith and Sergeant Reyes**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)). Moreover, a defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff names Warden Smith and Sergeant Reyes as defendants but makes no allegations in the body of the complaint about what Defendants Smith and Reyes did or failed to do that violated her rights. Plaintiff does not include any facts in the complaint showing why she sues these defendants. Plaintiff's Section 1983 claims against Warden Smith and Sergeant Reyes are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.    Claims against Deputy Commissioner Johnson**

The Court construes Plaintiff's claims that she was placed in protective custody and the extended segregation program, as asserting conditions-of-confinement claims under the Fourteenth Amendment to the United States Constitution. *See Darnell v. Pineiro*, 849 F.3d 17,

4

29 (2d Cir. 2017) (noting that the Fourteenth Amendment applies to individuals who are in pretrial detention and the Eighth Amendment applies to individuals who are incarcerated pursuant to a judgment of conviction).

To state a conditions-of-confinement claim under the Fourteenth Amendment, a plaintiff must allege facts suggesting that a condition is objectively serious and that a defendant "knew or should have known that the condition posed an excessive risk to health or safety." *Id.* at 35. For the objective element, a plaintiff must allege "that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to h[er] health" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Id.* at 30 (citations omitted). "Thus, prison officials violate the Constitution when they deprive an inmate of h[er] basic human needs such as food, clothing, medical care, and safe and sanitary living conditions." *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (internal quotation marks omitted).

Moreover, "if the particular conditions of segregation being challenged are such that they inflict a serious mental illness, greatly exacerbate mental illness, or deprive inmates of their sanity, then defendants have deprived inmates of a basic necessity of human existence." *Suarez v. Annucci*, No. 20-CV-7133 (VB), 2021 WL 6065765, at *8 (S.D.N.Y. Dec. 21, 2021) (quoting *Madrid v. Gomez*, 889 F. Supp. 1146, 1264 (N.D. Cal. 1995) (internal citation marks omitted)).

For the subjective element, a plaintiff must allege "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35. The mere negligence of a correction official is not a basis for a

claim of a federal constitutional violation under Section 1983. *See Daniels v. Williams*, 474 U.S. 327 (1986).

Plaintiff alleges that Defendant Johnson placed her in restrictive housing on several occasions. First, in October 2023, Defendant Johnson allegedly put Plaintiff in "protective custody" for four and a half months after five G-Block inmates made "PREA (Prison Rape Elimination Act) allegations," which they later recanted. (ECF 1 at 4.) Second, Plaintiff states that she was severely depressed and, in May 2024, "was put on strict pc by DC N. Johnson." (*Id.*) Third, Plaintiff alleges Defendant Johnson made an unspecified "deal with her" that was not honored, and that she is currently "confined on A-Block without activities or alternate church services." (*Id.*)

The Court assumes for purposes of this order that Plaintiff's confinement in protective custody for four and a half months in 2023 can be considered to pose an objectively serious risk of harm, though Plaintiff gives no information about the conditions of her protective custody.

Plaintiff does not include sufficient allegations, however, to show that Defendant Johnson acted "intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed," *Darnell*, 849 F.3d at 35. Plaintiff's allegations suggest that her protective custody in 2023 arose in a context where there were serious questions about potential harm to her from others (who had called her a murderer) or a risk of harm to other G-Block detainees (who had made PREA charges against her). On these facts, Plaintiff has not alleged that Defendant Johnson acted with the requisite intent in imposing this condition. Plaintiff has also not alleged facts suggesting that Defendant Johnson failed to mitigate any risk that the protective custody posed. Although the complaint generally suggests that Plaintiff is taking medication and faces mental health challenges, the facts are insufficient to suggest that

Defendant Johnson was or should have been aware of conditions that would exacerbate any mental health challenges. The allegations of the complaint are therefore are insufficient to state a claim that Defendant Johnson acted with deliberate indifference in violation of Plaintiff's constitutional rights, but the Court grants Plaintiff leave to replead to clarify the conditions of her protective custody (time spent in her cell and other conditions), and any facts showing that Defendant Johnson acted intentionally or recklessly in causing or failing to mitigate the harm.

Next, Plaintiff's allegations that Defendant Johnson put her in "strict PC" in May 2024 for an unspecified period are insufficient to show an objectively serious risk of harm, as it is unclear how long she endured this strict protective custody, or what were the conditions (such as whether she had programming or out-of-cell time during protective custody). Plaintiff makes no allegations regarding the circumstances prompting the strict protective custody or other allegations that could give rise to an inference that Defendant Johnson acted intentionally or recklessly in causing or failing to mitigate serious harm to her. Plaintiff's claim that she is currently housed on A-block without access to programming and congregate religious services also does not provide sufficient facts to state a claim, as there are no facts about the length of the condition or the circumstances of her placement. Plaintiff's claims against Defendant Johnson are therefore dismissed for failure to state a claim on which relief may be granted, with leave to replead.

## C.    Claims against Warden Camera

Plaintiff alleges that she was falsely accused of having broken the glass on a bolted-down ceiling light. As a result, Warden Camera allegedly "put [Plaintiff] on Tripl[e] A," and subjected her to enhanced restraints during movement, causing her to be "chained down like an animal everywhere" she went. (ECF 1 at 4.) The Court construes these allegations as attempting to assert claims for violations of Plaintiff's right to substantive and procedural due process.

1.  Substantive Due Process

Plaintiff's allegations are insufficient to state a claim for a violation of her right to substantive due process. In evaluating the constitutionality of conditions or restrictions of pretrial detention, "the proper inquiry is whether those conditions amount to punishment of the detainee." *Bell v. Wolfish,* 441 U.S. 520, 535 (1979). "[I]n determining whether particular restrictions and conditions accompanying pretrial detention amount to punishment in the constitutional sense of that word," courts "must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose." *Id.* at 538. The Supreme Court explained that "in the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015) (quoting *Bell*, 441 U.S. at 541-43)); *Edrei v. Maguire*, 892 F.3d 525, 535 (2d Cir. 2018).

Plaintiff's allegations that she was "put on Tripl[e] A" are too vague to show that this was punishment. She also does not allege that either the "Triple A" status or the enhanced restraints were not rationally related to a legitimate nonpunitive governmental purpose, as there are no facts explaining how Warden Camera should have known that Plaintiff was not responsible for the alleged destruction of property. The Court therefore dismisses this claim against Warden Camera for failure to state a claim on which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii), with leave to replead.

2.  Procedural Due Process

Plaintiff's allegations are also insufficient to state a claim for the denial of procedural due

8

process, even if the Court assumes the existence of a liberty interest. The procedural due process

analysis for pretrial detainees subject to restraints has been described as follows:

> The level of procedural protection required differs according to the purpose of the confinement. *Benjamin* [*v. Fraser*, 264 F.3d 175, 190 (2d Cir. 2001).] If the restraint is imposed for disciplinary reasons, a prisoner must be provided written notice, adequate time to prepare a defense, a limited ability to present witnesses and evidence, and a written statement of the reasons for the discipline. *Id.* (citing *Wolff* [*v. McDonnell,* 418 U.S. 539, 561–70 (1974)]. If the restraint is for administrative purposes such as to mitigate a security threat or to segregate pending a completion of a misconduct investigation, an inmate "must merely receive some notice of the charges against him and an opportunity to present his views." *Id.* (citing *Hewitt v. Helms*, 459 U.S. 460, 476 (1983)); *see also Proctor v. LeClaire*, 846 F.3d 597, 608 (2d Cir. 2017) (administrative segregation is permitted if necessary to incapacitate a detainee who poses a security threat or to conduct and complete an investigation into misconduct).

> Prison officials also must conduct periodic reviews to determine whether an individual remains a security risk warranting the liberty restriction—a case-by-case factual assessment coupled with the prison conditions and tensions at the time. *Parson v. Miller*, 2018 WL 4233810, at *5 (N.D.N.Y. May 25, 2018), *report and recommendation adopted*, 2018 WL 4228427 (N.D.N.Y. Sept. 5, 2018).

*Anduze v. City of New York*, No. 21-CV-0519 (PGG) (KHP), 2022 WL 4586967, at *19

(S.D.N.Y. Aug. 8, 2022), *report and recommendation adopted*, 2022 WL 4547420 (S.D.N.Y.

Sept. 29, 2022); *see also Vega v. Duffy*, No. 14-CV-8104 (VSB), 2017 WL 4180020, at *7

(S.D.N.Y. Sept. 20, 2017) ("No prior hearing, or any other process, is required before the initial

placement of an inmate in enhanced restraints. . . . the obligation to hold a hearing arises only

*after* an inmate is identified as Red ID [enhanced restrain status].").

Plaintiff has not alleged any facts about whether she received notice of the restraints or an

opportunity to be heard. It is also unclear whether this was a temporary administrative matter

(pending completion of a misconduct investigation), or a disciplinary sanction. Plaintiff's

allegations are therefore insufficient to state a claim for a denial of her right to procedural due

process in connection with the enhanced restraints. The Court grants Plaintiff leave to replead

this claim to allege facts consistent with these standards.

9

2. Excessive Force

To establish a claim of excessive force, a pretrial detainee "must show only that the force purposely or knowingly used against him was 'objectively unreasonable' given the facts and circumstances at the time." *Kingsley*, 576 U.S. 389, 396-97, 403; *Edrei*, 892 F.3d at 534. When determining objective reasonableness, courts consider several factors including: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting. *Edrei,* 892 F.3d at 534; *see also Barnes v. Harling*, 368 F. Supp. 3d 573, 592 (W.D.N.Y. 2019) (discussing factors).

Plaintiff's allegations that she was "chained" during movement for allegedly having destroyed a light fixture might be understood as a claim for excessive force, in violation of her constitutional rights. Plaintiff fails, however, to include facts sufficient to show that the restraint was objectively unreasonable. She does not include, for example, any allegations about any injuries this caused. Moreover, although Plaintiff alleges that this treatment was the result of false allegations, the facts are insufficient to show what threat Warden Camera reasonably perceived or how he should have known that Plaintiff was not responsible for the destruction of property. Plaintiff thus has not alleged facts sufficient to show that she was subjected to excessive force in violation of her constitutional rights, and this claim is dismissed for failure to state a claim on which relief can be granted, with leave to replead.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff may be able to allege additional facts to state a valid claim, the Court grants Plaintiff 30 days' leave to amend her complaint to detail her claims.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. Plaintiff should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief. Plaintiff's amended complaint will completely replace, not supplement, the original complaint.

If Plaintiff does not file an amended complaint within the time allowed, or seek an extension of time, the Court will direct the Clerk of Court to enter judgment in this action.

**CONCLUSION**

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead. An Amended Prisoner Civil Rights Complaint form is attached to this order.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered dismissing this action.

SO ORDERED.

Dated:    April 13, 2026
          New York, New York

_Louis L. Stanton_
Louis L. Stanton
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.

-against-

_____

_____

_____

_____
Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED
COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes      ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.      LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.     PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name              Middle Initial              Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                              State                Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:
_____

First Name                    Last Name                         Shield #

_____

Current Job Title (or other identifying information)

_____

Current Work Address

_____

County, City                          State                    Zip Code

Defendant 2:
_____

First Name                    Last Name                         Shield #

_____

Current Job Title (or other identifying information)

_____

Current Work Address

_____

County, City                          State                    Zip Code

Defendant 3:
_____

First Name                    Last Name                         Shield #

_____

Current Job Title (or other identifying information)

_____

Current Work Address

_____

County, City                          State                    Zip Code

Defendant 4:
_____

First Name                    Last Name                         Shield #

_____

Current Job Title (or other identifying information)

_____

Current Work Address

_____

County, City                          State                    Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

---

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

---

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

---

## VII.    PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____

Page 6